IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MURIEL MACKEY,** *on behalf of Tige Mackey, Deceased*,<br><br>    **Plaintiff,**<br><br>v.<br><br>**THOMAS WERLICH,<br>FAISAL AHMED,<br>N. BROWN,<br>ASHLEY KNOBEI,<br>ANTHONY ROBBINS,<br>CITY OF GREENVILLE, ILLINOIS,<br>DONNELL WIEGAND FUNERAL<br>HOME,<br>K. SCHNEIDER, and<br>MARISSA FEENEY,**<br><br>    **Defendants.** | Case No. 23-cv-03412-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Muriel Mackey, representing his deceased son Tige Mackey, filed his complaint against Defendants pursuant to 18 U.S.C. §242. Plaintiff claims that while incarcerated at the Federal Correctional Institution in Greenville, Illinois, Tige Mackey was given multiple doses of steroids contrary to medical instruction. The medication caused diabetic ketoacidosis and cardiac arrest resulting in Tige Mackey's death on May 28, 2019. (*See* Doc. 3-1, p. 8). The Defendants then engaged in a conspiracy to hide their involvement in Tige Mackey's death. Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (IFP), which is now before the Court. (Doc. 4).

  Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without

paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from the affidavit submitted by Plaintiff that he is indigent. (Doc. 4). But the Court's inquiry does not end there because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case and deny an otherwise qualified plaintiff leave to proceed IFP, if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). As detailed below, Plaintiff cannot meet the second prong required to proceed IFP, the motion for leave to proceed IFP will be denied, and the Complaint dismissed.

## DISCUSSION

Plaintiff brings his claims regarding inadequate medical treatment for his son which resulted in son's his wrongful death pursuant to 18 U.S.C. §242, which is a criminal statute criminalizing the deprivation of civil rights under color of law. This statute does not provide a private right of action for damages. *See Weiland v. Byrne,* 392 F. Supp. 21, 22 (N.D. Ill. 1975); *Ghashiyah v. Jess*, No. 21-CV-1479-JPS-JPS, 2023 WL 5558825, at *7 (E.D. Wisc. Aug. 29, 2023) (internal citations omitted); *McDowell v. Eden,* 2011 WL 196937, at *1 (N.D. Ill. Jan. 20, 2011). Thus, Plaintiff has failed to state a claim upon which this Court may grant relief.

There is also an issue with Plaintiff appearing unrepresented in this matter. "Although individuals may represent themselves in federal court, an individual, who is not a licensed attorney, cannot represent any other individual or legal abstraction, such as a corporation or trust, not even if that individual is the agent or the administrator." *Hollowell v. St. Clair Cnty. Jail,* No. 13-cv-

00744-JPG, 2013 WL 4478871, at *1 (S.D. Ill. Aug. 20, 2013) (citations omitted). Plaintiff has not alleged that he is the administrator or executor of his son's estate. Plaintiff is also not represented by counsel, and therefore, he "cannot properly sue on a *pro se* bases as a representative of his son's estate." *Ray v. City of Chi.*, No. 18 C 5283, 2019 WL 1184911, at *2 (N.D. Ill. Jan. 7, 2019) (citing *Malone v. Nielson*, 474 F. 3d 934, 937 (7th Cir. 2007)). For these reasons, the Complaint does not survive review under Section 1915(e)(2) and will be dismissed.

The Court is cognizant of the general preference to allow a *pro se* litigant to amend a complaint that fails to state a claim in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). Leave to amend a complaint need not be granted, however, when an amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile"). Here, as mentioned above, Plaintiff cannot prosecute a civil case on behalf of his son's estate without the assistance of counsel, and he does not assert any allegations from which the Court can infer a cognizable federal claim regarding violations of his own rights. Thus, to allow Plaintiff further opportunity to file an amended complaint would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

**PENDING MOTIONS**

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 6). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff

appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In an attempt to recruit counsel himself, Plaintiff states that he called the Illinois Bar Association, and he "googled lawsuit lawyers 30 and no one wanted to take the case." (Doc. 6, p. 1). This is not sufficient information for the Court to determine that Plaintiff has met his threshold burden of making a "reasonable attempt" to find a lawyer prior to seeking the assistance of the Court. He has failed to provide any details regarding his efforts. Plaintiff has not included the names and addresses of the firms and attorneys he contacted or copies of declination letters. Therefore, the motion for recruitment of counsel is **DENIED.**

In light of this Order dismissing the case and denying the motion for leave to proceed IFP, all other pending motions are **DENIED** as moot. (Doc. 5, 12, 13).

## DISPOSITION

For the reasons stated above, the Motion for Leave to Proceed *in forma pauperis* is **DENIED** (Doc. 4), and the Complaint and this entire case are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $402.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A) If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   March 20, 2024**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**