IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MURIEL MACKEY,** | |
| **Plaintiff,** | Case No. 23-cv-03412-SPM |
| v. | |
| **THOMAS WERLICH,** *et al.*, | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a document titled "Notice to Amend 1983 Filing" filed by Plaintiff Muriel Mackey, who is proceeding pro se. (Doc. 16). On March 20, 2024, the Court entered an order dismissing this case and denying Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(e)(2)(B). (Doc. 14). The Court found that Plaintiff had failed to state a claim under criminal statute 18 U.S.C. §242 regarding inadequate medical treatment for his son, Tige Mackey, while Tige Mackey was incarcerated, which resulted in Tige Mackey's wrongful death. The Court further noted that because Plaintiff was unrepresented by legal counsel, he could not bring a case as a representative of his son's estate. The Court dismissed the case with prejudice and entered judgment. (Doc. 15). The Court therefore construes Plaintiff's Notice to Amend 1983 Filing, received on April 8, 2024, as a motion seeking relief from the judgment under Federal Rules of Civil Procedure 59(e) and 60(b) and for leave to amend.

Rule 59(e) permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 F. App'x 376, 377 (7th Cir. Dec. 9, 2016)

(quoting *Gonzalez–Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). Under either Rule, "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff does not provide any argument that the Court committed a manifest error of fact or law; nor does he present any exceptional circumstances justifying reopening this case. Additionally, a review of the amended complaint, now brought pursuant to 42 U.S.C. §1983, shows that Plaintiff has failed to cure the deficiencies in his initial Complaint and again, failed to state a claim. First, there is no indication that Plaintiff has been appointed the representative or administrator of his son's estate, and even if he was, Plaintiff cannot represent the interest of his son's estate proceeding pro se in a Section 1983 action. *See Malone v. Nielson,* 474 F. 3d 934, 937 (7th Cir. 2007); *Higgins v. Roberson,* No. 13-cv-1274, 2014 WL 4099405, at *1 (C.D. Ill. Aug. 20, 2014). Therefore, he cannot pursue claims of constitutional violations on behalf of his deceased son.

Second, Plaintiff has no federal claims he can pursue on his own behalf. The allegations against Warden Werlich, Anthony Robbins, the City of Greenville, Dr. Marissa Feeney, Physician Assistant Schneider, and Donnel Wigand Funeral Home for the injuries suffered by Plaintiff

pertain to the events following Tige Mackey's death.[1] Plaintiff asserts that Schneider called and told him that his son had died of a diabetic heart attack, Dr. Meeney filed paperwork containing false information about Tige Mackey, Warden Werlich in a letter told Plaintiff lies about how his son died, Robbins waited five months to sign the death certificate, the City of Greenville failed to notify the State of Illinois that Tige Mackey had died, and the funeral home refused to give Plaintiff his son's death certificate and repeatedly referred Plaintiff to the Bond County Coroner. Plaintiff asserts that the loss of his son has caused great suffering. Following his son's passing, Plaintiff went into shock and suffered a stroke. Plaintiff clams he is still experiencing lasting side effects, including depression and anxiety, and now needs a care giver.

Section 1983 "serves as a vehicle for vindicating federal rights elsewhere conferred." *Rossi v. City of Chicago,* 790 F. 3d 729, 734 (7th Cir. 2015) (citation omitted). The statute itself is not a source of substantive rights. Plaintiff has not stated what constitutional rights or federal law he believes were violated by Defendants' conduct, and the Court is not aware of cognizable constitutional claim against Defendants for failing to provide him timely and accurate information regarding his son's death. To the extent Plaintiff is attempting to claim that internal procedures and state laws were not followed by Defendants, "[s]tate law violations do not form the bases for imposing § 1983 liability." *J.H. ex rel. Higgin v. Johnson,* 346 F. 3d 788, 793 (7th Cir. 2003). Additionally, there is no "constitutional right to recover for the loss of the companionship of an adult child when that relationship is terminated as an incidental result of state action." *Russ v. Watts,* 414 F. 3d 783, 790 (7th Cir. 2005).

For these reasons, the motion requesting to alter or amend the judgment and for leave to amend is **DENIED**. (Doc. 16). The Court also denies Plaintiff's request to recruit him counsel.

---

[1] The allegations against Dr. Ahmed, Nurse Brown, and Nurse Knobel pertain to the inadequate medical care provided to Tige Mackey, and for the reasons discussed above, Plaintiff cannot bring constitutional claims on his son's behalf.

Plaintiff has not demonstrated reasonable efforts to retain counsel on his own prior to seeking assistance from the Court. (*See* Doc. 14, p. 34) (citing *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007)). *See also Watts v. Kidman,* 42 F. 4th 755, 766 (7th Cir. 2022) ("the recruitment of counsel is unwarranted if the plaintiff's chances of success are extremely slim").

The Motion for Status is **DEEMED moot** in light of this Order. (Doc. 17).

**IT IS SO ORDERED.**

**DATED:   February 4, 2025**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**